

NUMBER 13-11-00392-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHRISTOPHER ARTHEY AND
DENISE ARTHEY                                                    Appellants,

v.

SCHLUMBERGER TECHNOLOGY CORPORATION,                    Appellee.

On appeal from the 267th District Court
of Refugio County, Texas.

# DISSENTING OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Dissenting Opinion by Justice Vela**

Because I would hold that Schlumberger had no duty to the Artheys under the Texas Dram Shop Act and I disagree that general maritime law applies to the facts of this case, I would affirm the summary judgment. Thus, I respectfully dissent.

## A. Maritime Jurisdiction

I disagree with the majority's conclusion that federal maritime law governs the substantive law in this case. In determining if there is maritime jurisdiction, I agree with the majority that we look to whether the tort occurred on navigable water or if the injury suffered on land was caused by a vessel on navigable waters.

Here, there was summary judgment evidence that there was alcohol on the fishing boat the day before the accident. There was nothing in the record to indicate that there was any regulation or law prohibiting the consumption of alcohol by passengers on leisure fishing boats. The summary judgment record contains no evidence that the alcohol that was consumed on the boat the day before the accident was provided either by Schlumberger or Andy Packmore, the travel agent and guide for the trip.

There was evidence that Huff was drinking something from unidentified cans on the boat on the day of the accident, but, again, no evidence that the cans he drank from were provided by Schlumberger or Packmore, or even that the cans contained alcohol. And, in fact, all of the evidence in the record established that if individuals wanted to drink alcohol on the boats, they were required to bring it themselves. It is undisputed Schlumberger did not provide it. Absent any evidence that Schlumberger or Packmore served alcohol on the boat, there is no evidence that the tort occurred or originated on navigable water.

The majority points to the testimony of William Ney, a Schlumberger employee, who agreed that as host of the event, Schlumberger could have decided not to permit alcohol on the boat. That is different, however, from a scenario where Schlumberger

2

actually served or provided alcohol on the boat. The majority also relies on testimony regarding Huff's blood alcohol level, thus concluding that Huff had been drinking on the water. I agree that Huff may have been drinking on the boat. Again, this does not establish that Schlumberger provided alcohol to Huff, nor does it make this a maritime case. Under the circumstances here, it was Huff's conduct, whether deemed criminal, reckless, or negligent, that caused this tragic accident.

The majority likens this case to those cases where passengers are served excessive amounts of alcohol on gambling boats and are subsequently involved in off-shore accidents. *See Young v. Players Lake Charles*, L.L.C., 47 F. Supp. 2d 832 (S.D. Tex. 1999). In *Young*, former District Judge Kent, held that admiralty jurisdiction applied. There was apparently no dispute in *Young* that the boat owner served "copious amounts of alcohol to the boat patrons." *Id.* at 834. In that case, the owners of the casino boats provided alcohol most likely as an incentive for gambling. And, in *Young,* the lawsuit was brought against the vessel owners, not a fishing trip sponsor that neither owned nor staffed the boat.

In *Reyes v. Vantage Steamship Co., Inc.*, the Fifth Circuit Court of Appeals found that the ship operated a "floating dram shop," noting that it sold large quantities of alcohol to the crew. 609 F.2d 140, 142 (5th Cir, 1980). Similarly, in *Thier v. Lykes Bros., Inc.*, the ship owner was found to be negligent for failing to monitor the alcohol consumption of its crew. 900 F. Supp. 864, 870 (S.D. Tex. 1995). In *Reyes*, the defendant ship owner was selling the alcohol; in *Thier,* the court found that the individual who caused the accident was acting in the scope of his employment at the time of the accident. The

court stated that as the owners of the ship, the defendants were negligent in failing to use due diligence to ensure that no intoxicated crew members were on board in violation of federal regulations. *Id.* I do not find these cases applicable and would hold this case does not invoke maritime jurisdiction.

## B. Duty Under Texas Law

I also would hold that there is no duty under Texas law. However, because the majority does not address the applicability of Texas law I will not address liability under the dram shop statute here.

In sum, I would hold Schlumberger established as a matter of law that it owed no duty to the Artheys under Texas law and this case should not be governed by maritime law. I would affirm the judgment of the trial court.

ROSE VELA
Justice

Delivered and filed the
8th day of November, 2012.

4